CHARLES W. HOFFMAN vs. EDWIN R. HAIGHT.

Law. No. 23,529.

{ Decided December 3, 1883.
{ The CHIEF JUSTICE and JUSTICES COX and JAMES sitting.

Although the creditor's name be innocently or accidentally (but not fraudulently) omitted from the schedule of creditors provided for by the Bankrupt act of March 2, 1867, the discharge and certificate is conclusive evidence in favor of the bankrupt, and a complete bar to a suit against him by the omitted creditor.

THE CASE is stated in the opinion.

GEO. E. HAMILTON for plaintiff.

J. S. BROWN for defendant.

Mr. Justice Cox delivered the opinion of the court.

The plaintiff sued on a promissory note for the sum of three thousand dollars, to recover an alleged ·balance of $1,913.15, unpaid, with interest at ten per cent. per annum from February 24th, 1879. The defendant pleaded a discharge in bankruptcy, and the plaintiff replied "that the indebtedness sued on was not named or contained in the defendant's statement or schedule of debts filed with his petition in bankruptcy, and that no notice whatever of the filing of said petition, or of the subsequent proceedings thereon, was served on this plaintiff, either by mail or personally; and that this plaintiff did not, in fact, have notice thereof until the filing herein of the defendant's plea."

To this replication the defendant demurred, on the grounds: First. That the notice required by law of the bankruptcy of a debtor is by letter sent to each creditor by mail, personal service, and by publication; Second. That when a bankrupt, without fraud, files a list of his creditors, with the names, places of residence, and amount due each, and appends an oath that it is a true schedule of his creditors and debts, it is conclusive upon all his creditors; and, Third. That creditors not named in that schedule are presumed to be notified by the publication.

The question really intended to be met by this demurrer,

although it is not presented in as condensed a form as it might be, but was made in argument, is, whether the omission of a creditor's name in the schedule, innocently or accidentally, but not fraudulently, makes the discharge a nullity towards that creditor. I may notice, very briefly, two or three provisions of the bankrupt act. Section eleven of the act of March 2, 1867, says, that "the said schedule must contain a full and true statement of all his debts, exhibiting, as far as possible, to whom each debt is due, the place of residence of each creditor, if known to the debtor, and, if not known, the fact that it is not known; also the sum due to each creditor; the nature of each debt or demand," &c. And the same section further provides that, "upon the filing of such petition, schedule and inventory, the judge or register shall forthwith, if he is satisfied that the debts due from the petitioner exceed three hundred dollars, issue a warrant to be signed by such judge or register, directed to the marshal of said district, authorizing him forthwith, as messenger, to publish notices in such newspapers as the warrant specifies; to serve written or printed notice, by mail or personally, on all creditors upon the schedule filed with the debtor's petition, or whose names may be given to him, in addition, by the debtor, and to give such personal or other notice to any persons concerned, as the warrant specifies."

Then, every bankrupt is to be "at liberty, from time to time, upon oath, to amend and correct his schedule of creditors and property, so that the same shall conform to the facts."

Sections 32 and 33 provide, that if it shall appear to the court "that the bankrupt has in all things conformed to his duty under this act, and that he is entitled under the provisions thereof to receive a discharge," the court will grant him free discharge from all his debts, except in case of fraud.

Section 34 provides that "a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities and demands, which were or might have been proved against his estate in bankruptcy," &c.

A discharge, *duly granted*, is to have this effect. It is admitted that the claim in the present case could have been proved against the estate in bankruptcy, so that if the certificate is duly granted, it is a discharge from that debt.

It is claimed, however, that if any creditor's name is omitted from the schedule, the discharge is not duly granted, as to him. Now, that depends upon the question whether the bankrupt, in such a case, has conformed to his duty under the act. If he has fraudulently omitted the names of any creditors in the schedule, he has not conformed to his duty, and is not entitled to receive a certificate of discharge, and perhaps in that case the discharge may be said not to be duly granted. Another question may arise here which it is unnecessary to more than allude to, and that is, whether that creditor is not confined to proceedings in the bankrupt court, because in section 34 it is provided, that "the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge; always provided, that any creditor or creditors of said bankrupt, whose debt was proved or provable against the estate in bankruptcy, who shall see fit to contest the validity of said discharge, on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it, to set aside and annul the same."

Passing by that question, however, we come to the question whether the bankrupt may be said to have conformed to his duty under the act, if he innocently or accidentally omits the name of any creditor on the schedule. Now, according to the weight of authority, we are satisfied that the accidental and innocent omission of the creditor's name from the schedule does not affect the regularity of the proceedings. It is not a breach of the bankrupt's duty so as to affect the question whether his discharge is duly granted or not. The authorities say that the act does not contemplate an absolutely accurate schedule of creditors, because it directs the marshal to send notices to those who are named in the schedule, *and to such others as may be afterwards fur-*

*nished to him,* and also provides for amendments to the schedule, from time to time, under oath, by the debtor, all of which assumes that the regular schedule may not be altogether accurate. And they say that if the debtor has furnished a list which is accurate to the best of his knowledge and belief, it is in substance a conformity to his duty as prescribed by the statute, and it does not affect the regularity of the discharge.

It is contended, however, that in the case of voluntary bankruptcy the nature of the proceeding is that of an action brought by the debtor against his creditors, in which he is seeking a judgment of discharge in bankruptcy; and, upon general principles, it is said that a court has no jurisdiction to pronounce a judgment against any person who is not made a party to the proceeding by personal service of process in the shape of summons, or other process. There is a great deal of plausibility in the suggestion, and it is supported also by several cases which have been cited; but they are not decisions in any court of last resort.

There is another view, however, which may be urged with equal plausibility. The bankrupt law is established by Congress. The object of all bankrupt legislation is twofold; one object being to appropriate the assests of the debtor to the satisfaction of his debts, as far as they will go, and the other to discharge the debtor from any further liability for his existing debts; and these two things are not necessarily dependent upon each other. Congress, if they see fit, may make the discharge of the debtor to depend on his activity in giving notice to his creditors, and seeing that all his assets are applied to their claims; and, on the other hand, Congress may provide (because there is no particular form in which these bankrupt laws shall be constitutionally made), that the debtor shall be absolutely discharged at the moment when he surrenders his property, and the law may take upon itself the duty of notifying his creditors and distributing his assets. And, in truth, though this is, in a certain sense, a proceeding *inter partes,* it is also

a proceeding *in rem.* With reference to the assets, it is clearly *in rem.* And with reference to the other proceeding, its object is to determine the status of the debtor. In the first place, the court declares that the debtor is a bankrupt, and is no longer capable of managing his property, and it shall be taken away from him, and then, discharging him, says, that as to these debts, he is a free man henceforth, capable of contracting new debts and acquiring other property without being liable for his previous debts. And upon analogy, the jurisdiction of the court in such a case may exist without the presence, actual or constructive, in the court of any adversary party. Just as in a case in admiralty, or in cases in the probate court respecting testamentary capacity, or divorce cases, it would be competent for Congress to provide that a publication shall give full jurisdiction to a court to determine questions of personal status; in other words to proceed *in rem;* and that decision would be conclusive against all the world.

Although this view is not very well formulated in authorities, we find that, according to the weight of authority, the presence of the creditor in the bankrupt court is not essential to its jurisdiction, but that jurisdiction is obtained by the petition and publication. Several cases were cited, in which the court very emphatically held (the courts of Iowa and Massachusetts), under substantially the same provisions as are contained in the last bankrupt act, that the omission, accidentally or innocently, of the creditor's name did not affect the validity of a discharge. In the notes to Bump's Law and Practice of Bankruptcy there is quite a large collection of authorities to the same effect, which it is not necessary to go into in detail. One is the case of Hubbell *vs.* Cramp, 11 Paige Chancery Reports, 310, where Walworth, chancellor, says :

"The statute does not require absolute certainty in the petition, either as to the list of creditors or as to the inventory of the property of the bankrupt. But it requires that the bankrupt shall set forth both, according to the best of his knowledge and belief.

4

And as the presenting such a petition is necessary to give the court jurisdiction in the case, if it can afterwards be shown that the bankrupt intentionally or knowingly omitted the names of any of his creditors, or wilfully misstated the places of their residence, or the amount of their debts, I am not prepared to say that the discharge cannot be avoided on that account; although that may not be one of the frauds referred to in the fourth section of the bankrupt act, for which the discharge may be impeached.

"The answer in the present suit, however, shows the necessary facts to give the district court of the northern district of New York, jurisdiction of the case. For it states, among other things, that the defendant, Cramp, presented a petition to that court, in March, 1842, such petition setting forth, *to the best of his knowledge and belief*, a list of his creditors, their respective places of residence and the amount due to each, together with an accurate inventory of his property, &c., verified by his oath. And the fact that the names of the complainants who held a note upon which Cramp was only second endorser, were not inserted in the list of creditors, is not sufficient to induce a belief that his petition was false, as not containing a correct list of his creditors, according to the best of his knowledge and belief. The jurisdictional facts, being thus stated in the answer and sworn to, must be taken as true for the purposes of this application. That being the case, the act makes the discharge and certificate conclusive evidence in favor of the bankrupt, and a full and complete bar to all suits against him, unless the same is impeached for some fraud, or wilful concealment of his property or rights of property."

It is unnecessary to pursue the cases in detail. The weight of authority is decidedly in this direction, and we, therefore, sustain the demurrer to the plaintiff's replication.